UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY PARKS,

                                  Plaintiff,

                 -v-

WOODMONT RAMAPO LLC,

                                  Defendant.

24 Civ. 7575 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Before the Court is the July 2, 2025 Report and Recommendation of Magistrate Judge Katherine Parker, Dkt. 38 (the "Report"). It recommends that the Court grant the motion by defendant Woodmont Ramapo LLC ("Woodmont") to remand this landlord-tenant suit to state court. For the reasons that follow, the Court adopts the Report in full.

I.  **Background**

The Court incorporates by reference the summary of the facts provided in the Report. In brief, Woodmont is a New York-based company that owns and operates a residential building on Woodmont Lane in Sloatsburg, New York. Report at 1. On November 23, 2019, *pro se* plaintiff Anthony Parks entered into a lease agreement for a residential unit with Woodmont. *Id.* at 1–2. The lease, which began on November 25, 2019 and was set to end on December 24, 2020, established a monthly rental payment of $2,575. *Id.* at 2.

Woodmont alleges that Parks, at an unspecified point during the lease term, stopped paying rent. *Id.* Accordingly, on or about December 22, 2020, Woodmont sued Parks in state court to collect the rent owed. *Id.* Parks moved to dismiss on the ground that Woodmont, on February 19, 2021, had transferred management to a different entity and changed its name to

1

Sterlington Holdings, LLC ("Sterlington"), and thus purportedly lacked standing. *Id.* at 2–3. The state court rejected that argument. *See id.* at 2 (citing Dkt. 23-2 ("Lenihan Decl.") ¶ 18 ("Woodmont and Sterlington Holdings, LLC are the same entity.")). The decision was affirmed on appeal. *Id.* The state court set a trial date for October 8, 2024. Lenihan Decl. ¶ 7. After the state court denied his motions to adjourn the trial, Parks filed a separate state-court complaint against Woodmont and its law firm, claiming fraud based on the facts underlying the original action. Report at 2. The state court dismissed that separate case with prejudice. *Id.*

On or about January 23, 2023, Parks sought to remove the original rent-payment case, in which a trial date had been set, to this Court. *Id.* at 3. On July 6, 2023, the case was remanded to state court on the ground that Parks had consented to that court's jurisdiction. *Id.*

On October 7, 2024, Parks filed the instant removal petition for the rent-payment case. Dkt. 1. His petition labels this action a "complaint for fraud." *Id.* It contends that the case implicates federal laws, including the Due Process Clause of the Fourteenth Amendment. *Id.* ¶ 2. But as the Report notes, the rent-payment case merely alleges non-payment of rent. *See id.* at 3. On October 16, 2024, a *pro se* staff attorney was assigned to the case, and on October 17, 2024, Judge Parker was designated to handle referred matters. Dkt. 3. On October 18, 2024, the Court referred the case to Judge Parker for general pretrial supervision. Dkt. 4.

On February 24, 2025, Judge Parker permitted Parks to file an amended removal petition in light of Parks's *pro se* status. Report at 3 (citing Dkts. 21–22); *see also* Dkt. 19. On March 6, 2025, Woodmont filed a motion to remand. Dkt. 23 ("Resp. Br."). On April 29, 2025, Parks opposed. Dkt. 29 ("Pet. Br."). On May 7, 2025, Woodmont filed a letter waiving its right to reply. Dkt. 34. On July 2, 2025, Judge Parker issued the Report. Dkt. 38. On July 16, 2025, Judge Parker extended the date upon which to file objections. Dkt. 40. No objections were filed.

**II.    Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *KLM Consulting LLC v. Panacea Shipping Co., Inc.*, No. 22 Civ. 5194, 2024 WL 5199835, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's Report reveals that there is no facial error in its conclusions. Accordingly, the Report, which is incorporated by reference herein, is adopted in full.

It is undisputed that Parks did not file the petition for removal until more than two years after he was served with the pleadings in the underlying state-court action. Report at 4. The petition thus was filed far outside the 30-day removal period permitted under federal law. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"). Parks's miss of that deadline forecloses his bid for removal.

Parks counters that he was not properly served, citing the management change from Woodmont to Sterlington. Report at 4; *see also* Pet. Br. ¶ 1–2. But as Judge Parker explained, that has no bearing on service. Parks does not claim he was not served with the pleadings or that service was otherwise defective. His argument instead in essence is that the entity which sued

him lacked standing to do so. But the state court squarely resolved that question against Parks, and that decision was affirmed on appeal. *See id.* at 5. In any event, Woodmont's change in name or in ownership does not excuse Parks's fatal failure to timely remove. *See id.*

Separately, as the Report recognized, subject-matter jurisdiction is lacking. *See id.* at 5–7. The underlying case is a landlord's suit under state law to collect overdue rent. *See id.* at 5. The state-court complaint does not present a federal question, *see* 28 U.S.C. § 1331, and this quotidian dispute does not necessarily implicate a substantial such question, *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Gunn v. Minton*, 568 U.S 251, 258 (2013)). And Parks cannot manufacture federal-question jurisdiction by referencing ostensible federal issues in his removal petition. "[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Id.* at 26 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983)). Nor are the requirements for diversity jurisdiction met. Both entities are citizens of New York, and the amount in controversy, $17,968.80, is far below the statutory threshold (more than $75,000). Report at 7; *see also* 28 U.S.C. § 1332.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. The Clerk of Court is respectfully directed to terminate all pending motions and to remand this case to state court.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 1, 2025
       New York, New York

4